NO. 07-00-0151-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 18, 2000

_____

JERRY WAYNE LOUIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 230th DISTRICT COURT OF HARRIS COUNTY;

NO. 826,655; HON. BELINDA HILL, PRESIDING

_____

***ABATE AND REMAND***

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Upon a plea of not guilty, Jerry Wayne Louis (appellant) was convicted by a jury of bail jumping. After pleading true to two enhancement paragraphs, the jury assessed punishment at forty-five years confinement. Appellant timely filed his notice of appeal. The clerk's record was filed on April 11, 2000. A motion for extension of time in which to file the reporter's record was granted until May 3, 2000. A second motion for extension of time to file the reporter's record was granted to June 30, 2000 at which time the court reporter

failed to file it. By letter dated July 20, 2000, this court notified the court reporter that the reporter's record was due and to contact this court within ten days from the date of said letter regarding when the record would be filed. On July 31, 2000, the court reporter notified this court by letter that she had received partial payment for the record, that she anticipated receiving full payment prior to July 31, 2000, and that she would file the record on that date. On August 7, 2000, this court was notified by the court reporter via telephone that she had not yet received full payment and that she would be unable to file a complete record. *See* TEX. R. APP. P. 35.3(b)(3). Thus, we now abate this appeal and remand the cause to the 230th Judicial District Court (trial court) for further proceedings. *See* TEX. R. APP. P. 37.3(a)(2).

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine:

1) whether appellant desires to prosecute this appeal;

2) whether appellant is indigent;

3) if appellant is indigent, whether appellant is entitled to a free record; and,

4) if appellant is not indigent, then by what date must appellant pay for the reporter's record in full and by what date must the reporter complete and file the reporter's record with this court.

The trial court shall cause the hearing to be transcribed and included in a supplemental reporter's record. Should it be determined that appellant does want to continue the appeal and is indigent, then the trial court shall also enter such orders as are necessary to assure appellant a free record. The trial court shall execute findings of fact and conclusions of law addressing the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. All orders executed by the trial

2

court pursuant to our directives herein must also be included in the supplemental clerk's record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the clerk of this court by September 18, 2000. Should additional time be needed to perform these tasks, the trial court may request same on or before September 18, 2000.

It is so ordered.

Per Curiam

Do not publish.